**Juan Jose YEBRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0974–95.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 7, 1996.

Mark Stevens, San Antonio, Cynthia Muniz–Berain, Eagle Pass, for appellant.

Robert Lee Little, Assist. Dist. Atty., Eagle Pass, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION DISSENTING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

OVERSTREET, Judge, dissenting.

Appellant was convicted of burglary of a habitation. The court of appeals affirmed appellant's conviction on June 14, 1995. *Yebra v. State*, No. 04–94–00317–CR (Tex. App.—San Antonio June 14, 1995). In this petition for discretionary review, appellant questions whether Article I, § 3a of the Texas Constitution provides greater protection against the racially discriminatory use of peremptory challenges than does the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

The court of appeals acknowledged that this Court held that Article I, § 3a prohibits the application of peremptory challenges based on race. *Esteves v. State*, 849 S.W.2d 822, 823 (Tex.Cr.App.1993). The court of appeals also recognized that the Texas Supreme Court has held that Article I, § 3a

provides greater protection with respect to gender-based discrimination than does the Equal Protection Clause of the United States Constitution. *In Interest of McLean*, 725 S.W.2d 696 (Tex.1987). However, the court of appeals found that the *McLean* decision of expanding protections under Article I, § 3a only applies to gender-based discrimination. The court of appeals also found that although *Heitman* does allow courts to grant defendants greater protection under the Texas Constitution than provided under the United States Constitution, there was no authority to extend this beyond search and seizure cases. *Heitman v. State*, 815 S.W.2d 681 (Tex.Cr.App.1991).

Upon examining *Heitman* thoroughly, it is evident that the court of appeals erred, in that we did not restrict our decision in that case to search and seizure matters. While *Heitman* did involve a search and seizure issue, the rationale for this Court's holding applies to the Texas Constitution in general, and not just to search and seizure matters. In *Heitman,* we discussed reasons why there is no requirement for state constitutions to stay in step with their federal counterparts, as long as the federal minimums are recognized. *Id.* at 685. For example, we acknowledged the fact that our state constitution and the United States Constitution are not worded in an identical manner. In *O'Quinn v. State Bar of Texas*, 763 S.W.2d 397, 402 (Tex.1988), the Texas Supreme Court acknowledged that the Texas Constitution's affirmative grant of free speech is worded more broadly than that allowed by the First Amendment to the United States Constitution.

*Heitman* is not the only time that we interpreted our state constitution as providing greater protections than the United States Constitution. In *Bauder v. State*, we again explained that the Supreme Court's interpretation of the Constitution of the United States did not govern the meaning of the Texas Constitution. This Court held that Article I, § 14 of the Texas Constitution "bar[s] retrial under slightly more expansive conditions than those allowed by the Supreme Court ...". *Bauder v. State*, ——

S.W.2d —— (Tex.Cr.App. No. 1058–94, delivered December 6, 1995).

Further, we recognized that "state courts are better able to approach state constitutional interpretation with a more innovative response approach to local interests than the [United States] Supreme Court whose decisions bear the onus of nationwide applicability." *Id.* at 687. We made it clear that "our state constitution is a doctrine independent of the federal constitution and its guarantees are not dependent upon those in the federal constitution". *Id.* at 688. It is important to note that the Texas Supreme Court has already examined Article I, § 3a, and concluded that the Texas Equal Rights Amendment is "more extensive and provides more specific protection" than the United States constitution provides. *In Interest of McLean,* 725 S.W.2d 696, 698 (Tex.1987). Moreover, if there was a requirement for us to interpret state constitutions in the identical manner as the federal constitution, state constitutional provisions would be irrelevant.

In light of the United States Supreme Court's apparent, recent retrenchment of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), it is time for Texas courts to ensure that Texans are sufficiently protected against the racially discriminatory use of peremptory challenges by interpreting Article I, § 3a of the Texas Constitution as providing greater protection than does the U.S. Constitution. I would therefore grant the appellants's petition for discretionary review, and remand this cause to the court of appeals to address the merits of appellant's state constitutional complaint.

BAIRD, J., joins.